**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD BONNETTE,** | : | Case No. 2:15-CV-2463 |
| | : | |
| **Plaintiff,** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| v. | : | Magistrate Judge Kemp |
| | : | |
| **THE CITY OF MT. VERNON,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION AND ORDER

Before the Court is Plaintiff Richard Bonnette's ("Plaintiff") February 10, 2016 Motion for Default Judgment. (Doc 14.) The Clerk entered default as to Defendants the City of Mount Vernon, and Mount Vernon Police personnel Sergeant Fred Gerber and Officer David McElroy (collectively, the "officers") on February 8, 2016. (Doc. 13.) Plaintiff filed this action alleging various causes of action, including violations of 42 U.S.C. § 1983 by all Defendants. (Compl., Doc. 1 at 5-9.)

The docket indicates that Plaintiff served Defendants by personal service on December 21, 2015. (Docs. 7-9.) Defendants' answer to that service was due on January 11, 2016. (*Id.*) None of the Defendants or any representative thereof has answered Plaintiff's Complaint or otherwise appeared before or petitioned the Court.

On March 24, 2016, the Court held a hearing on Plaintiff's Motion for Default Judgment. Counsel for Plaintiff submitted uncontroverted evidence supporting Plaintiff's claims, including a declaration of Plaintiff, and photographic and other documentary evidence (attached).

For good cause shown, the Court finds Defendants the City of Mount Vernon, Fred Gerber, and David McElroy in default to the causes of action set forth in Plaintiff's Complaint.

Based on the pleadings, statements, and submissions of Plaintiff and Plaintiff's counsel, the Court finds as follows:

It was a sunny day on June 30, 2014, the temperature 80-83 degrees Fahrenheit. (Damages Hr'g Tr. at 3) (attached). Plaintiff was at his home with his children and a representative of children and family services who was there to determine whether Plaintiff's two sons should go to his ex-wife's house. (*Id.*) At some point between 1 and 2 pm, Defendant officers arrived on the scene. (Doc. 1 ¶8; Tr. at 3-4.) Defendants told Plaintiff he was under arrest and then ordered Plaintiff to place his hands on the hood of a black Buick that had been running for about 30 minutes. (Doc. 1, ¶9.) Plaintiff cried out in pain as the hot metal burned his flesh. (*Id.*, ¶1.) Despite Plaintiff's agony, the officers physically forced him to keep his hands on the hot metal hood. (*Id.*) Plaintiff is a diabetic and a below-the-knee amputee. (*Id.* ¶10.) Plaintiff informed the officers of as much and indicated to them that because of his disability he posed no risk of flight. (*Id.* ¶10.) Plaintiff also weighed approximately 320 pounds at the time. (Tr. at 4.)

Despite knowing that Plaintiff posed minimal risk of flight, the officers refused to allow Plaintiff to move his hands. (Doc. 1, ¶10.) Due to the metal's extreme heat, Plaintiff's palms were eventually seared and their skin fused to the hood. (*Id.*) Plaintiff's hands were fused such that Plaintiff could not simply pull them back. (Tr. at 5.) Plaintiff had to throw his weight to rip his hands off of the searing-hot hood, with the skin from his hands remaining on the hood of the car. (*Id.* at 5, 10.)  In doing so, Plaintiff fell to the ground.  Inexplicably and unprovoked, the officers then physically attacked Plaintiff, striking him repeatedly with their batons. (Doc. 1, ¶¶1, 11.) Officer McElroy broke Plaintiff's nose, and Sergeant Gerber fractured Plaintiff's ribs. (*Id.* ¶11.) Sergeant Gerber put his knee on Plaintiff's head while Officer McElroy repeatedly punched Plaintiff's face. (Tr. at 5.) At all times the Defendant officers had no reason to believe that

Plaintiff was uncompliant, under the influence of any intoxicant, or armed. (Doc. 1, ¶8.) Plaintiff's children, aged 1, 3, 9, and 11 all witnessed this violent scene. (Tr. at 5.)

Plaintiff was taken to Knox Community Hospital for his injuries where he was diagnosed with burns to his hands and abdomen. (Tr. at 4.) The EMS notes describe Plaintiff's bloody nose, facial deformity, and golf-ball sized burns on both of his hands. (*Id.* at 6.) EMS notes also indicate that Plaintiff remained calm and cooperative at all times while under their care. (*Id.*) Plaintiff was ultimately diagnosed with abdominal wall burns, a nose fracture, burns in the second and third degree on his hands, periorbital (eye-socket bone) contusions, a left rib fracture, and sprain of his right shoulder. (*Id.*)

As a result of the officers' actions, Plaintiff has suffered physical and emotional injuries, along with other economic and non-economic losses. Plaintiff's medical treatment consisted of ointment and bandages for his hands, and over-the-counter drugs to alleviate his physical pain. (*Id.* at 7.) According to documents from the Department of Justice, Plaintiff's out-of-pocket medical costs related to the incident amount to $3,702.61. (*Id.* at 9.) Beyond out-of-pocket costs, Plaintiff's injuries prevented him from fully taking care of his three-year-old daughter Gabriella and one-year-old daughter Josilyn. (*Id.* at 7-8.) Plaintiff could not even, for example, pick them up to hold them due to the burns on the palms of his hands and the pain from his broken rib. (*Id.* at 7-8.) Plaintiff still has a scar on his stomach that has not changed in the past year. (Tr. at 5.) Plaintiff's lasting scars are not merely physical—Plaintiff still experiences anguish upon hearing his three eldest children mention their witnessing the violence he suffered. (*Id.* at 12.)

Based on the uncontroverted allegations of the Complaint and the evidence adduced at the hearing on Plaintiff's Motion, the Court finds that the City of Mount Vernon fails to hire, train, and/or supervise its employees adequately in violation of 42 U.S.C. § 1983. This includes

3

failing to screen out persons unfit for police duty before hiring them to join the police force, and failing to train them adequately once joined. The Court further finds that the actions of the Defendant officers during the arrest were outrageous, well beyond the scope of decency, and shocking to the Court's conscience, also in violation of 42 U.S.C. § 1983. The Court finds that the foregoing are the direct and proximate cause of Plaintiff's injuries, including out-of-pocket medical costs and pain and suffering.

Based on the foregoing, it is hereby **ADJUDGED**, **ORDERED**, and **DECREED** that Defendants the City of Mount Vernon, and Mount Vernon Police personnel Sergeant Fred Gerber and Officer David McElroy are in default of answer to the complaint in the above-styled case. These Defendants are jointly and severally liable in the amount of $60,000.00 to Richard Bonnette as compensation for Mr. Bonnette's medical bills and pain and suffering. This amount does not include attorneys' fees. Plaintiff's counsel must submit any application for attorneys' fees on or before April 11, 2016. The Court thus **GRANTS** Plaintiff's Motion for Default Judgment (Doc. 14). This case is **DISMISSED**.

**IT IS SO ORDERED.**

       **s/ Algenon L. Marbley**
       **ALGENON L. MARBLEY**
       **UNITED STATES DISTRICT JUDGE**

**DATED:  March 28, 2016**